V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater (SBN: 303546)
cds820@gmail.com
Ryann E. Hall (SBN: 306080) Of-Counsel
rhall@bohmlaw.com
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone:  310.693.5561
Facsimile:   323.544.6880
Email: VJD000085@bohmlaw.com

Attorneys for PLAINTIFF,
FAHREN JAMES

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAHREN JAMES,<br><br>    PLAINTIFF,<br><br>    v.<br><br>CITY OF LOS ANGELES, a municipal entity; CHIEF MICHEL MOORE; OFFICER ALEX ZAMORA; OFFICER KELEIGH EDWARDS; OFFICER MIN CHUNG; and DOES 1-10 inclusive,<br><br>    DEFENDANTS. | Case No: 2:21-cv-4525<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. **First Amendment Violation (42 U.S.C. § 1983)**<br>2. **Fourth Amendment Violation (42 U.S.C. § 1983)**<br>3. **Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**<br>4. **Violation of Bane Civil Rights Act (Civil Code § 52.1)**<br>5. **Assault and Battery**<br>6. **Negligence**<br>7. **Intentional Infliction of Emotional Distress**<br>8. **Negligent Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

1

PLAINTIFF, FAHREN JAMES (hereinafter "PLAINTIFF" or "Ms. JAMES"), respectfully submits this Complaint against DEFENDANTS CITY OF LOS ANGELES (hereinafter "CITY OF LOS ANGELES" or "CITY"), Police Chief MICHEL MOORE (hereinafter "MOORE"), OFFICER ALEX ZAMORA (hereinafter "ZAMORA"), OFFICER KELEIGH EDWARDS (hereinafter "EDWARDS"), OFFICER MIN CHUNG (hereinafter "CHUNG"), and DOES 1-100 (hereinafter collectively DEFENDANTS), inclusive, for Damages and Demand for Jury Trial and alleges as follows:

## NATURE OF ACTION

1.   This is an action by PLAINTIFF, which seeks compensatory and punitive damages from DEFENDANTS for violating various rights under state law in connection with officers' unjustified and brutal assault and uses of excessive force, of FAHREN JAMES by ZAMORA, EDWARDS, CHUNG, and DEFENDANT DOES 1-10 of the Los Angeles Police Department (hereinafter "LAPD") while acting in the course and scope of employment with DEFENDANT CITY OF LOS ANGELES.   As Ms. JAMES was peacefully exercising her First Amendment Rights, LAPD Officers ambushed her, repeatedly striking her with a baton and shooting rubber bullets at her from close range causing hospitalization, permanent physical injury, and mental and emotional trauma.

2.   This action arises out of protests across the United States and other nations following the murder of George Floyd by officers with the Minneapolis Police Department.   After the deaths of Breonna Taylor and Ahmaud Arbery and others, hundreds of thousands of people around the country and globe simultaneously expressed the collective condemnation for the deaths of Black, Indigenous and People of Color (hereinafter "BIPOC") men and women at the hands of law enforcement and vigilantes condoned by local law enforcement and their support for the Black Lives Matter movement.   Large demonstrations occurred in the Los Angeles area, and the vast majority of the participants were peaceful,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*                    V. James DeSimone, Esq.
Case No.:                                                                 Carmen D. Sabater, Esq.
                                                                          Ryann E. Hall, Esq.

1   principled individuals exercising their First Amendment Right to assemble to seek

2   redress for grievances. Over the course of approximately a week, the Los Angeles

3   Police Department arrested more than 2600 individuals engaged in peaceful protest

4   and used excessive force with batons. Further, the LAPD officers shot directly at

5   unarmed and peaceful citizens with "non-lethal" metal bullets encased in rubber or

6   other material.

7         3.      The CITY OF LOS ANGELES has been repeatedly sued for the tactics

8   the LAPD engaged in over the course of the above-mentioned arrests. The LAPD

9   displayed tactics including, but not limited to, excessive force with batons and

10  rubber bullets, and neglecting to provide care for injured citizens. By repeatedly

11  striking PLAINTIFF with a baton and shooting PLAINTIFF multiple times with

12  metal and rubber bullets and then leaving PLAINTIFF bruised and bloodied on the

13  sidewalk while ignoring calls for medical and emergency care, DEFENDANTS

14  violated Ms. JAMES's rights under the United States and California Constitution,

15  the California civil and penal code and, therefore, violated California Civil Code

16  Section 52.1.

17        4.      ZAMORA, EDWARDS, CHUNG, and DEFENDANTS DOES 1-10

18  are directly liable for PLAINTIFF's injuries under state law pursuant to California

19  Government Code § 820.

20        5.      DEFENDANTS, CITY OF LOS ANGELES, MOORE, ZAMORA,

21  EDWARDS, CHUNG, and DOES 1-10 also proximately caused Ms. JAMES's

22  injuries and are liable under state law pursuant to California Government code §§

23  815.2 and 820.

24        6.      The policies and customs behind assaulting and arresting peacefully

25  protesting civilians such as Ms. JAMES are fundamentally unconstitutional and

26  constitute a menace of major proportions to the public.  DEFENDANT CITY OF

27  LOS ANGELES, through its employees, intentionally used threats, intimidation and

28  coercion to interfere with the First Amendment exercise and enjoyment of rights of

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*                    V. James DeSimone, Esq.
Case No.:                                                        Carmen D. Sabater, Esq.
                                                                 Ryann E. Hall, Esq.

1   PLAINTIFF and others. Accordingly, insofar as Ms. JAMES herein seeks by means

2   of this action to hold accountable those responsible for the unjustified assault, use

3   of force, and failure to provide proper emergency care of Ms. JAMES.

4   ## PARTIES AND THEIR AGENTS

5       7.    PLAINTIFF FAHREN JAMES is an African American woman, and

6   at all times mentioned in this Complaint was a resident of the County of Los

7   Angeles, California.

8       8.    PLAINTIFF is informed and believed ZAMORA, EDWARDS,

9   CHUNG, and DOES 1-10 are individuals living in the County of Los Angeles,

10  California.  At all relevant times, ZAMORA, EDWARDS, CHUNG, and DOES 1-

11  10 were public employees and agents of DEFENDANT CITY OF LOS ANGELES

12  and were acting with the course and scope of their respective duties as police

13  officers  and  with  complete  authority  and  ratification  of  their  principal

14  DEFENDANT CITY OF LOS ANGELES.

15      9.    At  all  relevant  times,  ZAMORA,  EDWARDS,  CHUNG,  and

16  DEFENDANTS DOES 1-10 were duly appointed officers and/or employees or

17  agents of the CITY OF LOS ANGELES subject to oversight and supervision by

18  CITY OF LOS ANGELES' elected and non-elected officials.

19      10.   PLAINTIFF is informed and believes, and thereon alleges, that

20  ZAMORA, EDWARDS, CHUNG, and DOES 1-10 were agents, servants, and

21  employees of DEFENDANT CITY OF LOS ANGELES and/or the LAPD.

22  PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued

23  herein as DOES 1-10, inclusive, and therefore sue these DEFENDANTS by such

24  fictitious names.  PLAINTIFF will amend this Complaint to allege their true names

25  and capacities when ascertained. As such, the individual DOE DEFENDANTS are

26  sued in both their individual and official capacities.

27      11.   In doing the acts and failing and omitting to act as hereinafter

28  described, ZAMORA, EDWARDS, CHUNG, and DEFENDANTS DOES 1-10

1  were acting on the implied and actual permission and consent of CITY OF LOS
2  ANGELES and MOORE.

3      12.    DEFENDANT CITY OF LOS ANGELES is a municipal corporation
4  duly organized and existing under the Constitution and laws of the State of
5  California. LAPD is a local government entity and an agency of CITY OF LOS
6  ANGELES, and all actions of the LAPD are the legal responsibility of the CITY
7  OF LOS ANGELES. CITY OF LOS ANGELES is sued in its own right on the basis
8  of its policies, customs, and practices that gave rise to PLAINTIFF's federal rights
9  claims.

10      13.    DEFENDANT MICHEL MOORE is, and was, at all times relevant to
11  this action, the LAPD police chief and a policymaker for his department.  He is sued
12  in both his individual and official capacities.

13      14.    All DEFENDANTS who are natural persons, including ZAMORA,
14  EDWARDS, CHUNG, and DOES 1-10, are sued individually and/or in his/her
15  official capacity as officers, sergeants, captains, commanders, supervisors, and/or
16  civilian employees, agents, policy makers, and representatives for the CITY OF
17  LOS ANGELES.

18      15.    DEFENDANTS are liable for PLAINTIFF's injuries under California
19  law and under the doctrine of *respondeat superior*.  Liability under California law
20  for public entities and public employees is based upon California Government Code
21  §§ 815.2 and 820.

22      16.    At all times mentioned herein, each and every DEFENDANT was the
23  agent of each and every other DEFENDANT and had the legal duty to oversee and
24  supervise the hiring, conduct and employment of each and every DEFENDANT
25  herein.

26      17.    On or around August 4, 2020, PLAINTIFF filed comprehensive and
27  timely claims for damages in accordance with Government Code §§ 910 and 911.2.

28      18.    On or around September 28, 2020, the CITY OF LOS ANGELES

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*        V. James DeSimone, Esq.
Case No.:        Carmen D. Sabater, Esq.
        Ryann E. Hall, Esq.

1  rejected PLAINTIFF's claim for damages.

2      19.    On January 12, 2021, Plaintiff filed a complaint for damages in the

3  Superior Court of the State of California, County of Los Angeles.

4      20.    Finally, at all relevant times mentioned herein, all DEFENDANTS

5  acted as agents of all other DEFENDANTS in committing the acts alleged herein.

6                        **JURISDICTION AND VENUE**

7      21.    This Court has subject matter jurisdiction over the PLAINTIFF's

8  claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil

9  rights jurisdiction).  This Court has jurisdiction to issue declaratory or injunctive

10  relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure

11  57.

12      22.    Venue is proper in the Central District of California pursuant to 28

13  U.S.C. § 1391, as all DEFENDANTS and the events giving rise to the claims herein

14  occurred in the Central District of California.

15              **FACTS COMMON TO ALL CAUSES OF ACTION**

16      23.    PLAINTIFF repeats and re-alleges each and every allegation in the

17  forgoing paragraphs of this Complaint with the same force and effect as if fully set

18  forth herein.

19      24.    PLAINTIFF FAHREN JAMES is a 39-year-old African American

20  woman who currently, and at times relevant to this Complaint, resides in Los

21  Angeles County, California. On May 30, 2020, Ms. JAMES gathered as part of a

22  protest in West Hollywood in Los Angeles, California, in a display of support for

23  Black Lives Matter and the families and memory of BIPOC deaths at the hands of

24  law enforcement, in particular George Floyd.

25      25.    On May 25, 2020, Minneapolis Police Officer Derek Chauvin, along

26  with two other officers, held George Floyd on the ground, handcuffed behind his

27  back, and ignored pleas to get off his neck, back and legs and let him breathe.

28  Officer Chauvin kept his knee on Floyd's neck for 8 minutes, forty-six seconds.  As

1    a result, Mr. Floyd died on the street in Minneapolis.

2     26. Both the Minneapolis law enforcement and prosecutors as well as the

3    public, concluded that George Floyd was the latest person to die at the hands of

4    police because of deliberate and unlawful tactics of law enforcement largely

5    because of extensive video by onlookers, security cameras, including police body

6    cameras.

7     27. In Los Angeles, tens of thousands of people participated in lawful and

8    peaceful protest as part of an extraordinary reaction of protests across the country

9    and around the world.  Individuals in the protests expressed their ideas in different

10   forms.

11    28. DEFENDANTS reacted to protests, regardless of form or application,

12   by using brutal, excessive force against peaceful protestors such as Ms. JAMES by

13   hitting them with batons and shooting projectiles at them thereby using threats,

14   intimidation, and coercion and unreasonably excessive force to violate their rights

15   to engage in free speech, public assembly and undermining the right to engage in

16   protected expressive activity in public spaces.

17    29. California Penal Code § 409, which defines an unlawful assembly, has

18   been repeatedly construed to require a showing of imminent violence that so

19   permeates a lawful expressive activity that law enforcement may curtail the rights

20   of all. In this instance, those facts did not exist at the location where Ms. JAMES

21   was protesting along with others.

22    30. At or around 4:16 PM on May 30, 2020, Ms. JAMES arrived near

23   Beverly Blvd. in Los Angeles and parked her vehicle on a nearby side street. At or

24   around 4:21 PM, Ms. JAMES arrived by foot at Beverly Blvd. between N. Stanley

25   Ave./The Grove Dr. and Genesee Ave. in Los Angeles. At this location, she stood

26   on the sidewalk to the East of Erewhon Market peacefully protesting among a small

27   group of other peaceful individuals.

28    31. At or around 4:30 PM, Ms. JAMES personally witnessed law

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*     V. James DeSimone, Esq.
Case No.:               Carmen D. Sabater, Esq.
                   Ryann E. Hall, Esq.

enforcement enter the CBS parking lot through an entrance on Beverly Blvd. Shortly after, Ms. JAMES personally witnessed law enforcement rush out of the CBS parking lot while firing non-lethal bullets at a group of people.

32. Ms. JAMES ran on the sidewalk of Beverly Blvd. away from the law enforcement officers. While on the sidewalk, Ms. JAMES personally witnessed the officers form a line on the street facing peaceful protestors approximately thirty (30) feet away.

33. After bursting out in a line across the street, DEFENDANT EDWDARDS and DEFENDANT DOES 1-10 sought direction from superiors. DEFENDANTS continued to march toward sparse and dispersed people in the area threatening physical harm without any apparent aggressive behavior or imminent threat from people exercising their First Amendment rights, including PLAINITFF.

34. Ms. JAMES personally witnessed a male LAPD officer, believed to be OFFICER ZAMORA, break from the line of officers and point his shotgun directly at Ms. JAMES. Ms. JAMES said to DEFENDANT officer she was exercising her First Amendment rights and asked why he aimed his shotgun at her. When the officer finally pointed the shotgun away from Ms. JAMES, she turned with her back to the officers.

35. Ms. JAMES had turned away from the officers and stood on the corner of an intersection concerned with finding her brother for a brief period of time when, without provocation   a female LAPD officer, believed to be OFFICER EDWARDS, struck an unaware Ms. JAMES on her arm with her hand pushing Ms. JAMES off balance. Ms. JAMES turned toward the LAPD officer and asked why the officer struck her and raised her hand in defense and made contact with EDWARDS as EDWARDS struck Ms. JAMES with the end of a baton. Another LAPD officer jabbed Ms. JAMES in her torso and elbow with the end of a baton multiple times. A male LAPD officer, believed to be CHUNG, next to the EDWARDS, held his gun and shot projectiles aimed at Ms. JAMES.

36.     As Ms. JAMES backed away from the barrage of violence, ZAMORA directly shot Ms. JAMES twice from point blank range with bullets that left metal fragments in her stomach. One shot struck Ms. JAMES in the abdomen and another shot struck Ms. JAMES under her left arm, which she raised in vain to protect herself. DEFENDANT officers did not issue any instructions and/or commands following protocol to alert bystanders of unlawful assembly, or medical or emergency care before, during, or after repeatedly striking Ms. JAMES with a baton and directly shooting her at approximately point-blank range with projectiles that left metal fragments in her stomach.

37.     DEFENDANTS provided no medical care or called for care for Ms. JAMES as she stood on the sidewalk in shock, bleeding and bruised from DEFENDANTS inflicted baton strikes and metal projectile blasts.

38.     Ms. JAMES and other non-law enforcement individuals pleaded with DEFENDANTS to provide medical care or transportation for Ms. JAMES but to no avail. Ms. JAMES lifted her shirt to show the bloody wounds from the LAPD gunshots. These LAPD Officers injured Ms. James so severely that she was hospitalized for several days.

39.     DEFENDANTS inflicted multiple contusions and abrasions throughout Ms. JAMES' body. DEFENDANTS caused Ms. JAMES severe body pain and bleeding, trauma, mental harm, and emotional distress. Ms. JAMES continues to have metal fragments lodged in her stomach from the shots fired by DEFENDANTS.

40.     Ms. JAMES continues to have noticeable scars on her arm and abdomen causing physical pain, discomfort, mental anguish emotional distress.

41.     The CITY OF LOS ANGELES, through CHIEF MOORE and the LAPD, has failed to train its officers in the constitutional response to peaceful demonstrations as revealed by the above-described allegations.  DEFENDANTS have a custom of using excessive force against peaceful protestors, beating

1  protestors with batons, shooting directly at lawful assemblies, and applying policies
2  and sanctioning actions that cause severe injury and permanent damage, without
3  warning or command, based on specious group "suspicion."

4      42.    The CITY OF LOS ANGELES has been aware of deficiencies in its
5  training since at least the year 2000, followed by settlement agreements in June
6  2005 and June 2009 to revise policies and training.  Yet the unlawful crowd control,
7  excessive use of force, and other tactics *inter alia* DEFENDANTS currently employ
8  intentionally utilizes violence brutal violence to intentionally and recklessly
9  interfere with Constitutional rights.

10      ## MONELL ALLEGATIONS

11      43.    Based upon the principles set forth in *Monell v. New York City*
12  *Department of Social Services*, 436 U.S. 658 (1978), Defendant THE CITY is liable
13  for all or all injuries sustained by PLAINTIFF as set forth herein. Defendant THE
14  CITY bears liability because its policies, practices and/or customers were a cause
15  of and moving force for PLAINTIFF's injuries, and/or because Defendant THE
16  CITY ratified the unlawful actions of its employees that caused Ms. JAMES'
17  injuries. THE CITY and its supervisory officials, including DEFENDANT CHIEF
18  MOORE, maintained or permitted one or more of the following policies, customs
19  or practices which displayed reckless and deliberate indifference to the
20  constitutional rights of persons such as PLAINTIFF and were a direct cause of
21  PLAINTIFF's damages the allegations set forth in this Complaint are hereby re-
22  alleged and incorporated by reference:

23          a.  In the wake of the Derek Chauvin murder of George Floyd, THE CITY
24              and LAPD knew that there would large groups of peaceful protestors
25              exercising their First Amendment Rights and who should be protected
26              and respected, so those rights are not infringed.  THE CITY and LAPD
27              also knew there was a possibility that a minority would engage in
28              criminal activity including property destruction and looting.    THE

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*                    V. James DeSimone, Esq.
Case No.:                                                        Carmen D. Sabater, Esq.
                                                                 Ryann E. Hall, Esq.

CITY, through the LAPD, directed, condoned, encouraged its Officers to disperse the large crowds in violation of their First and Fourth Amendment rights through violent assaults with less lethal projectiles and baton strikes.   Moreover, these violent assaults occurred while those looting and destroying property were often ignored;

b. By employing and retaining as police officers and other personnel, including DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DOES 1-10, who DEFENDANTS THE CITY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force, and for mistreating citizens by failing to follow written Police Department's policies of THE CITY, including the use of excessive force and reckless disregard for human life and safety;

c. By failing to provide adequate training and supervision to police officers with respect to constitutional limits on the use of 37 and 40 mm munitions, batons, tasers and other so called "less lethal" weapons;

d. By failing to provide adequate training and supervision for THE CITY's police officers on how to respond properly to peaceful protests and/or members of the press during peaceful protests;

e. By inadequately supervising, training, controlling, assigning, and disciplining THE CITY Police Officers, and other personnel, including DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DOES 1-10, who DEFENDANTS CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety,

and the use of excessive force;

f.  By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DOES 1-10, who are THEY CITY's employees and police officers;

g.  By failing to adequately train officers, including DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DOES 1-10, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of force and reckless disregard for human life and safety;

h.  By failing to discipline or retrain THE CITY police officers' including DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DOES 1-10, for conduct such as use of force and reckless disregard for human life and safety;

i.  By condoning and encouraging of THE CITY's police officer, and other personnel, including DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DOES 1-10, in the belief that they can violate the rights of persons, such as PLAINTIFF, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits; and

j.  By ratification by the highest levels of authority of the specific unconstitutional acts alleged in this Complaint.

44.  On multiple occasions, THE CITY has condoned, allowed, and/or encouraged the use of excessive force and the violation of the constitutional rights by its officers.

## **FIRST CAUSE OF ACTION**

## **FIRST AMENDMENT TO THE U.S. CONSTITUTION VIOLATION**

**(42 U.S.C. § 1983)**

**(AGAINST ALL DEFENDANTS)**

45.     The allegations set forth in this Complaint are hereby re-alleged and incorporated by reference.

46.     This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MICHEL MOORE, ZAMORA, EDWARDS, CHUNG, and DOES 1-10.

47.     DEFENDANT's conduct, described above, violated PLAINTIFF's rights to freedom of speech, assembly, and association under the First Amendment to the United States Constitution and her right to be free from unreasonable force under the Fourth Amendment to the United States Constitution.  PLAINTIFF was engaged in constitutionally protected activity when she stood on a street corner in Los Angeles. The LAPD Officers wielding batons and shooting projectiles at point-blank-range acted with unreasonable and excessive force under the totality of the circumstances.  When Ms. James began to move away from a police line, LAPD officers used violent and excessive force against Ms. JAMES who had arrived to protest peacefully and lawfully.  LAPD used excessive force when repeatedly striking Ms. JAMES' arm, torso and elbow with a baton and shooting her with projectiles multiple times at approximately point-blank range, which hit her stomach and under her left arm suffering multiple immediate and long-lasting serious physical injuries and mental and emotional distress when attempting to exercise her First Amendment Rights.

48.     The DEFENDANTS employed the above-mentioned tactics under baseless speculation of some potential unlawful activity by some unknown individual(s). On information and belief, the LAPD officer was not disciplined for the use of force on May 30, 2020 against PLAINTIFF.

49.     DEFENDANTS, including ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES 1-10, prevented PLAINTIFF from continuing to

13

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*                    V. James DeSimone, Esq.
Case No.:                                                        Carmen D. Sabater, Esq.
                                                                 Ryann E. Hall, Esq.

1  engage in the protected activity by wrongfully assaulting and battering her, and
2  using excessive force when prodding her with a baton and shooting him multiple
3  times with less lethal projectiles.

4      50.    Further, DEFENDANTS, including ZAMORA, EDWARDS,
5  CHUNG, and DEFENDANT OFFICER DOES 1-10, used widespread excessive
6  and unnecessary force against PLAINTIFF and others gathered in peaceful protest.

7      51.    DEFENDANTS' conduct prevented PLAINTIFF to freely express her
8  First Amendment Rights, which is his right as a member of the press.

9      52.    The DEFENDANTS employed the above-mentioned tactics under
10  baseless speculation of some potential unlawful activity by some unknown
11  individual(s).

12      53.    Ms. JAMES' protected activity under the First Amendment was a
13  substantial or motivating factor in DEFENDANTS' conduct.

14      54.    DEFENDANTS' conduct was excessive and unreasonable as
15  PLAINTIFF and posed no threat whatsoever, and especially no immediate threat of
16  death or serious bodily injury at the time of the shooting and was not aggressive or
17  combative.

18      55.    Further, DEFENDANTS, ZAMORA, EDWARDS, CHUNG, and
19  DEFENDANT OFFICER DOES 1-10, conduct of shooting of less lethal weapons
20  and excessive use of force violated their training and police officer standard
21  training.

22      56.    DEFENDANTS DOES, among whom are supervisors, are liable for
23  their direct actions as supervisors which caused the deprivation of PLAINTIFF's
24  constitutional rights.

25      57.    Defendant THE CITY and Chief MOORE are liable pursuant to
26  *Monell* because it maintained, condoned and/or permitted a policy, custom and/or
27  practice of conscious disregard of and reckless indifference to Constitutional rights
28  which was a moving force in the violation of PLAINTIFF's rights and/or because

14

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*               V. James DeSimone, Esq.
Case No.:                                          Carmen D. Sabater, Esq.
                                                    Ryann E. Hall, Esq.

it ratified the actions of its employees.

58.     DEFENDANT THE CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

59.     The failure of DEFENDANT THE CITY to provide adequate training caused the deprivation of PLAINTIFF' rights by DEFENDANTS, ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES 1-10; that is DEFENDANTS' failure to train is so closely related to the deprivation of PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

60.     As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFF was injured and subjected to physical pain and suffering, and extreme and severe emotional distress.

61.     As alleged herein, DEFENDANT THE CITY, maintained, *inter alia*, unconstitutional customs, practices, and policies as set forth herein, including but not limited to:

   a. Directing, encouraging, promoting, tolerating and encouraging the use of unnecessary and excessive force;

   b. Employing and retaining as police officers and other personnel, including DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES 1-10, who DEFENDANTS THE CITY AND DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force, and for mistreating citizens by failing to follow written LAPD's policies, including the use of excessive force and reckless disregard for human life and safety;

   c. Inadequately supervising, training, controlling, assigning, and disciplining police officers and other personnel, including DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES 1-10, who DEFENDANTS THE

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*                    V. James DeSimone, Esq.
Case No.:                                                        Carmen D. Sabater, Esq.
                                                                 Ryann E. Hall, Esq.

CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety, and the use of excessive force;

d. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES 1-10, who employees and police officers of THE CITY;

e. By failing to adequately train officers, including DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES 1-10, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of force and reckless disregard for human life and safety;

f. By failing to discipline THE CITY police officers' conduct, including DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES 1-10, for use of force and reckless disregard for human life and safety;

g. By ratifying the intentional misconduct of DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES 1-10, and other police officers, who are police officers of THE CITY, and commit unlawful use of force with reckless disregard for human life and safety;

h. By failing to properly and meaningfully investigate claims of reckless disregard for human life and safety and excessive force by LAPD officers, including DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES 1-10; and

i.  By having and maintaining an unconstitutional custom and practice of reckless disregard for human life and safety, using excessive force, failing to obtain medical care, depriving persons of life, liberty, and property so as to shock the conscience, which is also demonstrated by inadequate training regarding these subjects.

j.  The customs and practices of THE CITY, DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES 1-10, and DOE SUPERVISORS were done with a deliberate indifference to individuals' safety and rights.

62.  DEFENDANTS THE CITY, MOORE, ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES 1-10 together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies. Said DEFENDANTs also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other individuals similarly situation.

63.  By perpetuating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DEFENDANTS THE CITY, ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES 1-10 acted with an intentional, reckless, and callous disregard toward Ms. JAMES' constitutional and state rights. DEFENDANTS and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

64.  PLAINTIFF is informed and believe and thereon allege that the acts of the DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES 1-10; were willful, malicious, intentional, reckless and/or were

1  performed in willful and conscious disregard of Ms. JAMES' rights, justifying the
2  awarding of punitive and exemplary damages against the individual Defendants in
3  an amount to be determined at the time of trial.

4      65.   DEFENDANT CHIEF MOORE has failed to impose adequate
5  discipline on his officers, including the responsible DEFENDANTS ZAMORA,
6  EDWARDS, CHUNG, and OFFICER DOE, who committed these unlawful uses
7  of excessive force with reckless disregard for human life and safety, creating a
8  culture of impunity within the LAPD that encourages such violence and incidents
9  of unreasonable force against the public.

10      66.   As a result of the unprovoked, unjustified and unreasonable use of
11  force against PLAINTIFF by ZAMORA, EDWARDS, CHUNG, and
12  DEFENDANT OFFICER DOES, PLAINTIFF sustained injuries to her entire body,
13  including her head, neck, back, and legs. As a result of the foregoing, PLAINTIFF
14  suffered, and continues to suffer from physical injuries, and sickness, physical and
15  emotional pain, anguish, and distress and psychological injury.

16  ## SECOND CAUSE OF ACTION
17  ### FOURTH AMENDMENT TO THE U.S. CONSTITUTION
18  ### (42 U.S.C. §1983)
19  ### (AGAINST ALL DEFENDANTS)

20      67.   The allegations set forth in this complaint are hereby re-alleged and
21  incorporated by reference.

22      68.   DEFENDANTS' conduct, described above, violated PLAINTIFF's
23  rights to be free from unreasonable and excessive or arbitrary force without
24  reasonable or probable cause under the Fourth Amendment to the United States
25  Constitution.

26      69.   DEFENDANTS EDWARDS and DEFENDANT DOES 1-10,
27  battered PLAINTIFF with a baton.

28      70.   DEFENDANTS ZAMORA and CHUNG shot PLAINTIFF with less

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*        V. James DeSimone, Esq.
Case No.:        Carmen D. Sabater, Esq.
        Ryann E. Hall, Esq.

1  lethal rounds multiple times resulting in multiple contusions, diminished mobility
2  and inability to work for days.

3      71.    DEFENDANTS' conduct was excessive and unreasonable as
4  PLAINTIFF and posed no immediate threat of death or serious bodily injury at the
5  time of the shooting. PLAINTIFF possessed his press credentials when he sustained
6  his injuries without receiving any audible orders from DEFENDANTS.

7      72.    Further, DEFENDANTS ZAMORA, EDWARDS, CHUNG, and
8  DEFENDANT DOES 1-10, conduct of shooting of less lethal weapons and
9  excessive use of force violated their training and police officer standard training.

10     73.    DEFENDANTS DOES, who are supervisors, are liable for their direct
11 actions as supervisors which caused the deprivation of PLAINTIFF's constitutional
12 rights.

13     74.    On information and belief, DEFENDANTS ZAMORA, EDWARDS,
14 CHUNG, and DEFENDANT DOES 1-10 involved were not disciplined,
15 reprimanded, retrained, suspended, or otherwise penalized in connection with Ms.
16 JAMES' injuries.

17     75.    On information and belief, THE CITY failed to properly and
18 adequately train DEFENDANTS ZAMORA, EDWARDS, CHUNG, and
19 DEFENDANT DOES 1-10, including but not limited to, with regard to the use of
20 physical force, and less than lethal force on individuals peacefully protesting and/or
21 members of the press documenting the protests.

22     76.    Defendant THE CITY and MOORE are liable pursuant to *Monell*
23 because it maintained, condoned and/or permitted a policy, custom and/or practice
24 of conscious disregard of and reckless indifference to Constitutional rights which
25 was a moving force in the violation of Ms. JAMES' rights and/or because it ratified
26 the unconstitutional conduct of its employees.

27     77.    DEFENDANT THE CITY and CHIEF MOORE were deliberately
28 indifferent to the obvious consequences of its failure to train its officers adequately.

78.     The failure of DEFENDANT THE CITY to provide adequate training caused the deprivation of PLAINTIFF' rights by DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DEFENDANT DOES 1-10; that is Defendants' failure to train is so closely related to the deprivation of PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

79.     As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFF was injured and subjected to physical pain and suffering, and extreme and severe emotional distress.

80.     The aforementioned customs and practices of THE CITY were implemented and/or maintained with deliberate indifference to individuals' safety and rights.

81.     DEFENDANTS THE CITY, MOORE, ZAMORA, EDWARDS, CHUNG, and DEFENDANT DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies. Said DEFENDANTs also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other individuals similarly situation.

82.     By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, DEFENDANTS THE CITY, MOORE, ZAMORA, EDWARDS, CHUNG, and DEFENDANT DOES 1-10 acted with an intentional, reckless, and callous disregard toward Ms. JAMES', and of the constitutional as well as human rights of PLAINTIFF. DEFENDANTS and each of them, actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

83.     PLAINTIFF is informed and believe and thereon allege that the acts of

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*                    V. James DeSimone, Esq.
Case No.:                                                        Carmen D. Sabater, Esq.
                                                                 Ryann E. Hall, Esq.

1  the DEFENDANTS ZAMORA, EDWARDS, CHUNG, and DEFENDANT DOES
2  1-10; were willful, malicious, intentional, reckless and/or were performed in willful
3  and conscious disregard of Ms. JAMES' rights, justifying the awarding of punitive
4  and exemplary damages against the individual Defendants in an amount to be
5  determined at the time of trial.

6  84.  Accordingly, DEFENDANTS are each liable to PLAINTIFF for
7  compensatory damages and individual DEFENDANTS are liable for punitive
8  damages, under 42 U.S.C. § 1983. PLAINTIFF seeks attorney fees under this claim
9  pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

## MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY

### (42 U.S.C. § 1983)

### (AGAINST ALL DEFENDANTS)

15  85.  The allegations set forth in this Complaint are hereby re-alleged and
16  incorporated by reference.

17  86.  ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER
18  DOES' use of force against Ms. JAMES on May 30, 2020, who was unarmed, had
19  committed no crime, and was not resisting was found to be within CITY Police
20  Department Policy.

21  87.  Eyewitness accounts, video footage, and/or media coverage display
22  irrefutable evidence of the ZAMORA, EDWARDS, CHUNG, and DEFENDANT
23  DOES 1-10 repeatedly striking Ms. JAMES' back, torso and elbow with a baton
24  and shooting her with projectiles multiple times at approximately point-blank range,
25  which hit her stomach and under her left arm on May 30, 2020.

26  88.  On information and belief, ZAMORA, EDWARDS, CHUNG, and
27  DEFENDANT OFFICER DOES were not disciplined for the use of force and
28  reckless disregard for human life and safety on May 30, 2020.

89.     DEFENDANT CHIEF MOORE has failed to impose adequate discipline on his officers, including ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES, who committed unlawful uses of excessive force and reckless disregard for human life and safety, creating a culture of impunity within the LAPD that encourages such violence and incidents of unreasonable force against the public.  CHIEF MOORE's inadequate investigations and the failure to take appropriate corrective action that plagues the LAPD and causes a pattern, policy, and practice of tolerating and encouraging the use of excessive force and reckless disregard for human life and safety.

90.     Based on video footage and witnesses' accounts, EDWARDS and DEFENDANT OFFICER DOE struck PLAINTIFF with a baton, and ZAMORA and CHUNG pointed their guns directly at Ms. JAMES and shot her with projectiles at point blank range causing Ms. JAMES to sustain serious injuries while she attempted to walk away from police on the sidewalk.

91.     On or around May 30, 2020, DEFENDANTS CITY OF LOS ANGELES, CHIEF MOORE, ZAMORA, EDWARDS, CHUNG, DOE OFFICERS and DOE SUPERVISORS, deprived PLAINTIFF of the rights and liberties secured to her by the First and Fourth Amendments of the United States Constitution, in that said DEFENDANTS and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFF, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY custom, policy, and practice of:

a. Employing and retaining as police officers and other personnel, including ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES, who DEFENDANTS CITY and DOE SUPERVISORS at all times material herein knew or reasonably

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Ryann E. Hall, Esq.

should have known had dangerous propensities for abusing his authority by using excessive force, and for mistreating citizens by failing to follow written CITY Police Department's policies, including the use of excessive force and reckless disregard for human life and safety;

b.  Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other CITY personnel, including ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES, who DEFENDANTS CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety, and the use of excessive force;

c.  By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES, who is a CITY employee and police officer;

d.  failing to adequately train officers, including DEFENDANT OFFICER DOE, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of force and reckless disregard for human life and safety;

e.  By failing to discipline CITY police officers' conduct, including ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES, for use of force and reckless disregard for human life and safety;

f.  By ratifying the intentional misconduct of ZAMORA, EDWARDS, CHUNG, and DEFENDANT OFFICER DOES and other police

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*          V. James DeSimone, Esq.
Case No.:                                             Carmen D. Sabater, Esq.
                                                      Ryann E. Hall, Esq.

1   officers, who are police officers of the CITY, and commit unlawful

2   use of force with reckless disregard for human life and safety;

3   g.   By failing to properly investigate claims of reckless disregard for

4   human life and safety and excessive force by CITY police officers,

5   including ZAMORA, EDWARDS, CHUNG, and DEFENDANT

6   OFFICER DOES; and

7   h.   By having and maintaining an unconstitutional custom and practice

8   of reckless disregard for human life and safety, using excessive force,

9   failing to obtain medical care, depriving persons of life, liberty, and

10   property so as to shock the conscience, which is also demonstrated by

11   inadequate training regarding these subjects.  The customs and

12   practices of CITY, ZAMORA, EDWARDS, CHUNG, DOE

13   OFFICERS and DOE SUPERVISORS were done with a deliberate

14   indifference to individuals' safety and rights.

15   92.   By reason of the aforementioned policies and practices of

16   DEFENDANTs CITY, DEFENDANT CHIEF MOORE and DEFENDANTS

17   DOES, PLAINTIFF was severely injured and subjected to pain and suffering, and

18   extreme and severe emotional distress.

19   93.   The aforementioned customs and practices of CITY were implemented

20   and/or maintained with deliberate indifference to individuals' safety and rights.

21   94.   DEFENDANT's CITY, DEFENDANT CHIEF MOORE and

22   ZAMORA, EDWARDS, CHUNG, and DEFENDANT DOES, together with

23   various other officials, whether named or unnamed, had either actual or constructive

24   knowledge of the deficient policies, practices and customs alleged in the paragraphs

25   above. Despite having knowledge as stated above, these DEFENDANTS condoned,

26   tolerated and through actions and inactions thereby ratified such policies. Said

27   DEFENDANTs also acted with deliberate indifference to the foreseeable effects

28   and consequences of these policies with respect to the constitutional rights of

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*                    V. James DeSimone, Esq.
Case No.:                                                        Carmen D. Sabater, Esq.
                                                                 Ryann E. Hall, Esq.

1    PLAINTIFF, and other individuals similarly situation.

2        95.    By perpetuating, sanctioning, tolerating and ratifying the outrageous

3    conduct and other wrongful acts, DEFENDANTs CITY, DEFENDANT CHIEF

4    MOORE, ZAMORA, EDWARDS, CHUNG, and DEFENDANT DOES acted with

5    an intentional, reckless, and callous disregard toward PLAINTIFF, and of the

6    constitutional as well as human rights of PLAINTIFF. DEFENDANTs CITY,

7    DEFENDANT  CHIEF  MOORE,  ZAMORA,  EDWARDS,  CHUNG,  and

8    DEFENDANTS DOES and each of their actions were willful, wanton, oppressive,

9    malicious, fraudulent, and extremely offensive and unconscionable to any person

10   of normal sensibilities.

11       96.    Furthermore, the policies, practices, and customs implemented and

12   maintained and still tolerated by DEFENDANTs CITY, DEFENDANT CHIEF

13   MOORE ZAMORA, EDWARDS, CHUNG, and DEFENDANTS DOES were

14   affirmatively linked to and were a significantly influential force behind the injuries

15   of PLAINTIFF.

16       97.    Accordingly, DEFENDANTs CITY, DEFENDANT CHIEF MOORE,

17   ZAMORA, EDWARDS, CHUNG, and DEFENDANTS DOES each are liable to

18   PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

19       98.    On information and belief, the aforementioned acts were willful,

20   wanton, malicious and oppressive thereby justifying the awarding of exemplary and

21   punitive damages as to DEFENDANT CHIEF MOORE ZAMORA, EDWARDS,

22   CHUNG, and DEFENDANTS DOES.

23       99.    Accordingly,  DEFENDANTs  are  each  liable  to  PLAINTIFF  for

24   compensatory and punitive damages, under 42 U.S.C. § 1983. PLAINTIFF also

25   seeks reasonable attorneys' fees under this claim.

26               **FOURTH CAUSE OF ACTION**

27       **VIOLATION OF BANE ACT (CIVIL CODE § 52.1)**

28               **(AGAINST ALL DEFENDANTS)**

100.    The allegations set forth in this Complaint are hereby re-alleged and incorporated by reference.

101.    As alleged herein, ZAMORA, EDWARDS, CHUNG, DEFENDANTS DOES 1-10, CHIEF MICHEL MOORE, and CITY OF LOS ANGELES interfered by threats, intimidation, coercion, and violence with PLAINTIFF's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force; the right to free speech; freedom of assembly and freedom to redress grievances; the right to due process; and the right to bodily integrity and protection from bodily harm, including her rights under Civil Code § 43, Penal Code §§ 149, 240, and 242, and her rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and her rights under Article 1, Sections 1, 2, 3, 7 and/or 13 of the California Constitution.

102.    DEFENDANTS' conduct caused PLAINTIFF extreme physical injury, sickness and pain, mental anguish, and emotional suffering and distress.

103.    As a result of their conduct, DEFENDANTS are liable for Ms. JAMES' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

104.    As a direct and legal result of DEFENDANTS' acts and omissions, Ms. JAMES suffered damages, including, without limitation, pain and suffering, physical injuries and sickness, emotional distress, psychological injury, medical expenses, attorneys' fees, and costs of suit.

105.    PLAINTIFF is informed and believes, and thereon alleges, that the acts of the individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were done with willful and conscious disregard of the rights, welfare, and safety of PLAINTIFF, thereby justifying the awarding of punitive and exemplary damages against all non-government entity defendants in an amount to

1  be determined at time of trial.

2       106.   PLAINTIFF brings this claim seeking all damages under state law.

3  PLAINTIFF also seeks reasonable attorneys' fees under this claim.

4  ## FIFTH CAUSE OF ACTION

5  ## ASSAULT AND BATTERY (GOV. CODE § 820 and CALIFORNIA

6  ## COMMON LAW)

7  ## (AGAINST ALL DEFENDANTS)

8       107.   The allegations set forth in this complaint are hereby re-alleged and

9  incorporated by reference.

10       108.   ZAMORA, EDWARDS, CHUNG, and DEFENDANTS DOES 1-10

11  while working as Police Officers for the CITY OF LOS ANGELES Police

12  Department and acting within the course and scope of their duties, wrongfully,

13  unlawfully, intentionally, and violently touched and battered by repeatedly striking

14  with a baton and shooting with projectiles at point blank range causing Ms. JAMES

15  to sustain serious injuries.

16       109.   ZAMORA, EDWARDS, CHUNG, and DEFENDANTS DOES 1-10

17  had no legal justification for their actions. ZAMORA, EDWARDS, CHUNG, and

18  DEFENDANTS DOES' 1-10 use of force against Ms. JAMES was unjustified

19  which included repeatedly striking Ms. JAMES' arm, torso and elbow with a baton

20  and shooting her with projectiles multiple times at approximately point-blank range,

21  which hit her stomach and under her left arm. ZAMORA, EDWARDS, CHUNG,

22  and DEFENDANTS DOES 1-10 were carrying out their duty as officers and as

23  CITY OF LOS ANGELES employees constituting an unreasonable use of force.

24       110.   ZAMORA, EDWARDS, CHUNG, and DEFENDANTS DOES 1-10

25  also intentionally used unreasonable force against Ms. JAMES, including, but not

26  limited to, striking her with a baton and shooting at her from point-blank range at

27  Ms. JAMES to cause physical pain, that left excessive contusions, bleeding, scars

28  on her stomach and arm, metal fragments in her stomach, physical injury and mental

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*     V. James DeSimone, Esq.
Case No.:     Carmen D. Sabater, Esq.
     Ryann E. Hall, Esq.

and emotional distress when she posed no threat to the officers or anyone else. DEFENDANTS left PLAINTIFF on the sidewalk without providing PLAINTIFF with medical or emergency care.

111. As a direct and proximate result of DEFENDANTS' conduct as alleged above, Ms. JAMES was caused to suffer severe pain and suffering.

112. LOS ANGELES CITY is vicariously liable for ZAMORA, EDWARDS, CHUNG, and DEFENDANTS DOES' 1-10 wrongful acts pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

113. PLAINTIFF is informed and believes and thereon alleges that the DEFENDANTS' conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Ms. JAMES, entitling Ms. JAMES to an award of exemplary and punitive damages against all non-government entity defendants in an amount to be determined at time of trial.

114. As a result of their conduct, DEFENDANTS are liable for Ms. JAMES's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

115. PLAINTIFF is seeking all available damages under this claim.

## SIXTH CAUSE OF ACTION

### NEGLIGENCE (GOV. CODE § 820 and CALIFORNIA COMMON LAW)
### (AGAINST ALL DEFENDANTS)

116. PLAINTIFF re-alleges the information set forth in the preceding paragraphs and incorporates them into this cause of action as if they were fully alleged herein.

117. The actions of ZAMORA, EDWARDS, CHUNG, and DEFENDANT DOES 1 -10 toward Ms. JAMES were negligent and reckless, including, but not

1  limited to:

2       a.    The failure to properly and adequately assess the need to use force

3  against PLAINTIFF;

4       b.    The failure to monitor and record any use of force by the CITY OF

5  LOS ANGELES, CHIEF MICHEL MOORE, including ZAMORA, EDWARDS,

6  CHUNG, and DEFENDANTS DOES 1-10;

7       c.    The failure to monitor and record any injuries specifically caused by

8  the use of force by the CITY OF LOS ANGELES, CHIEF MICHEL MOORE,

9  including ZAMORA, EDWARDS, CHUNG, and DEFENDANTS DOES 1-10;

10      d.    The negligent tactics and handling of the situation with PLAINTIFF;

11      e.    The negligent use of force against PLAINTIFF including striking her

12  repeatedly with a baton and shooting her at approximately point-blank range with

13  projectiles then abandoning her on the sidewalk where she remained bruised and

14  bleeding without any care from DEFENDANTS although she raised her shirt to

15  show her bleeding wounds and pleaded for their help;

16      f.    The failure to properly train and supervise employees, both

17  professional and non-professional, including ZAMORA, EDWARDS, CHUNG,

18  and DEFENDANTS DOES 1-10 in how to ensure the rights of the people to

19  peacefully protest instead of physically punishing those individuals;

20      g.    The failure to ensure that adequate numbers of employees with

21  appropriate education and training were available to meet the needs of and protect

22  the rights of Ms. JAMES;

23      h.    The failure to provide prompt medical care to Ms. JAMES; and

24      i.    The negligent handling of evidence and witnesses.

25      118.   As a direct and proximate result of DEFENDANTS' conduct as

26  alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused

27  to suffer severe pain and suffering, both physically and emotionally.

28      119.   In   addition,   at   the   aforementioned   date,   time   and   place,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*                    V. James DeSimone, Esq.
Case No.:                                                        Carmen D. Sabater, Esq.
                                                                 Ryann E. Hall, Esq.

1   DEFENDANTS negligently, carelessly and without reasonable care, touched and

2   violently battered PLAINTIFF.

3        120.   CITY OF LOS ANGELES is vicariously liable for the wrongful acts

4   of DEFENDANTS pursuant to § 815.2(a) of the California Government Code,

5   which provides that a public entity is liable for the injuries caused by its employees

6   within the scope of the employment if the employee's act would subject him or her

7   to liability.

8        121.   DEFENDANT CITY OF LOS ANGELES knew or reasonably should

9   have known that ZAMORA, EDWARDS, CHUNG, and DEFENDANTS DOES 1-

10   10 would engage in such a violent misconduct against PLAINTIFF, during the

11   course and scope of their employment, and that, as a direct and proximate result of

12   those violations, PLAINTIFF would suffer injuries as alleged herein.  Defendants

13   Moore and the City of Los Angeles negligently planned, designed tactics and

14   provided an inappropriate violent, punitive response to peaceful protestors such as

15   Ms. James.

16        122.   DEFENDANTS had the authority to supervise, prohibit, control,

17   and/or regulate DEFENDANT officers so as to prevent these acts and omissions

18   from occurring.

19        123.   DEFENDANTS failed to exercise due care by hiring, retaining and

20   failing to supervise, prohibit, control or regulate ZAMORA, EDWARDS, CHUNG,

21   and DEFENDANTS DOES 1-10.   As a direct and proximate result of

22   DFEENDANTS' negligent hiring, retention and supervision, control and regulation

23   of DEFENDANT officers, Ms. JAMES has suffered and continues to suffer injuries

24   entitling her to damages in amounts to be proven at trial.

25        124.   By the aforesaid acts and omissions of DEFENDANTS, and each of

26   them, Ms. JAMES has been directly and legally caused to suffer actual damages

27   including, but not limited to, extreme pain and suffering both with regards to

28   physical and mental suffering.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*          V. James DeSimone, Esq.
Case No.:                                             Carmen D. Sabater, Esq.
                                                      Ryann E. Hall, Esq.

125.   As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Ms. JAMES has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, psychological harm, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to Ms. JAMES. PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes and thereon alleges that some, if not all, of the injuries are reasonably certain to be permanent in character.

126.   As a result of their conduct, DEFENDANTS are liable for Ms. JAMES' injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

127.   PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Ms. JAMES, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

128.   PLAINTIFF is seeking all damages under this claim.

## SEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## (AGAINST ALL DEFENDANTS)

129.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

130.   ZAMORA, EDWARDS, CHUNG, and DEFENDANTS DOES 1-10 conduct as described above was extreme and outrageous and was done with the intent of causing Ms. JAMES to suffer emotional distress or with reckless disregard

1  as to whether their conduct would cause her to suffer such distress.

2      131.  By the aforesaid acts and omissions of DEFENDANT officers, and

3  each of them, Ms. JAMES has been directly and legally caused to suffer actual

4  damages including, but not limited to, extreme pain and suffering both with regards

5  to physical and mental suffering.

6      132.  As a further direct and legal result of the acts and conduct of

7  DEFENDANTS, and each of them, as aforesaid, Ms. JAMES has been caused to

8  and did suffer and continues to suffer physical pain and injury, severe emotional

9  and mental distress, anguish, humiliation, embarrassment, fright, shock, pain,

10  discomfort, anxiety, physical pain and suffering.  The exact nature and extent of

11  said injuries is presently unknown to Ms. JAMES.  PLAINTIFF does not know at

12  this time the exact duration or permanence of said injuries but is informed and

13  believes, and thereon alleges, that some, if not all, of the injuries are reasonably

14  certain to be permanent in character.

15      133.  As a result of their conduct, DEFENDANTS are liable for Ms.

16  JAMES's injuries, either because they were integral participants in the assault and

17  battery, or because they failed to intervene to prevent these violations, or under the

18  doctrine of *respondeat superior*.

19      134.  PLAINTIFF is informed and believes, and thereon alleges, that the

20  DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or

21  in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional,

22  oppressive and despicable conduct, and acted with willful and conscious disregard

23  of the rights, welfare, and safety of Ms. JAMES, thereby justifying the award of

24  punitive and exemplary damages in an amount to be determine at trial.

25  **EIGHTH CAUSE OF ACTION**

26  **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

27  **(AGAINST ALL DEFENDANTS)**

28      135.  The allegations set forth in this complaint are hereby re-alleged and

32

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*        V. James DeSimone, Esq.
Case No.:        Carmen D. Sabater, Esq.
        Ryann E. Hall, Esq.

incorporated by reference.

136.   In the alternative, ZAMORA, EDWARDS, CHUNG, and DEFENDANTS DOES 1-10 conduct as described above was done in a careless or negligent manner, without consideration for the effect of such conduct upon Ms. JAMES's emotional well-being.

137.   By the aforesaid acts and omissions of DEFENDANT officers, and each of them, Ms. JAMES has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

138.   As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Ms. JAMES has been caused to and did suffer and continues to suffer physical pain and injury, severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to Ms. JAMES.  PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some, if not all, of the injuries are reasonably certain to be permanent in character.

139.   As a result of their conduct, DEFENDANTS are liable for Ms. JAMES's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

140.   PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Ms. JAMES, thereby justifying the award of punitive and exemplary damages in an amount to be determine at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS CITY OF LOS ANGELES, CHIEF MICHEL MOORE, ZAMORA, EDWARDS, CHUNG, and DOES 1-10, and each of them, as follows:

1.     For general economic and non-economic damages according to proof;

2.     For special damages according to proof;

3.     For punitive damages where allowed by law against any non-government Defendant;

4.     For equitable relief;

5.     For prejudgment interest;

6.     For costs of suit incurred herein;

7.     For attorney's fees as allowed by law;

8.     For civil penalties as allowed by law;

9.     For such other and further relief as this Court deems just and proper, and appropriate.

Date: June 1, 2021                                         **V. JAMES DESIMONE LAW**


                                                          By: _____
                                                          V. JAMES DESIMONE, ESQ.
                                                          RYANN E. HALL, ESQ.
                                                          CARMEN SABATER, ESQ.

                                                          Attorneys for PLAINTIFF,
                                                          FAHREN JAMES

## <u>DEMAND FOR JURY TRIAL</u>

PLAINTIFF hereby demands a trial by jury.


Date: June 1, 2021                                    **V. JAMES DESIMONE LAW**


By: _____
                                                     V. JAMES DESIMONE, ESQ.
                                                     CARMEN SABATER, ESQ.
                                                     RYANN E. HALL, ESQ.

                                                     Attorneys for PLAINTIFF,
                                                     FAHREN JAMES

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*FAHREN JAMES v. CITY OF LOS ANGELES, et al.*                V. James DeSimone, Esq.
Case No.:                                                    Carmen D. Sabater, Esq.
                                                             Ryann E. Hall, Esq.